W. W. PERKINS *v.* DELTA PINE LAND COMPANY.

1. WITNESS. *Not a party to suit.*
   A witness is not a party to a cause in which he is summoned; fees are not taxed in his favor. He must look for his compensation to the party summoning him.

2. WITNESS CANNOT APPEAL.
   A witness has no right to appeal from a judgment taxing or re-taxing costs.

3. HOW WITNESS FEES RECOVERABLE.
   The mileage, tolls, and *per diem* allowed him by statute constitute a demand against the party summoning the witness, and in the event of suit thereon, the certificate issued to him is evidence in his favor. If not demanded and paid in advance, he may sue the party at whose instance he is summoned, but he has no standing in court as a party.

APPEAL from the circuit court of Yazoo county.

HON. J. B. CHRISMAN, Judge.

In an action brought in the circuit court of Yazoo county by appellees against Castleberry & Jones, the appellant, a resident of Panola county, was subpœnaed as a witness in behalf of the defendants. He attended several terms, and received from the clerk witness certificates aggregating sixty-six dollars. The action terminated in a judgment for defendants, and costs in their favor, including the foregoing item of sixty-six dollars, were taxed against the plaintiff, the appellee in this court.

After the rendition of the judgment, the plaintiff moved the court to re-tax the costs by striking out the amount allowed as fees to the appellant as a witness, because the witness was a silent partner of the defendant's, at whose instance he was subpœnaed. This was controverted and proof submitted *pro* and *con.* The court sustained the motion, and the costs were re-taxed, and the amount of costs represented by the said certificate issued to the witness, Perkins, was stricken out and disallowed. This appeal is taken by said witness, Perkins, who complains of the action of the court in sustaining said motion.

*Hudson & Hudson,* for appellant.

*F. Johnston* and *J. R. Yerger,* for appellee.

CAMPBELL, J., delivered the opinion of the court.

A witness is not a party to the cause. Costs are not taxed in his favor. He is not a proper party to a re-taxation of costs. It is not a matter that concerns him or with which he can have anything to do. A witness must look for his compensation to the party at whose instance he is summoned. If summoned to attend court in a civil case beyond the county of his residence, he is entitled to prepayment of a sum of money sufficient to pay mileage and ferriages and tolls to the court-house and one day's attendance; and every witness is entitled to demand at the expiration of each day his compensation for attending on that day, and if it is not paid need not further attend until the compensation for his previous attendance shall be paid; and any witness may sue the party at whose instance he was summoned for his attendance, and use his certificate as evidence. These are his rights, but he has no standing in court as a party to the cause, and cannot be bound or concluded by anything done between the parties. The parties recover costs, the one against the other, and the party recovering costs is entitled to recover his proper outlay for attending witnesses, and may file the certificate given to the witness by the clerk or commissioner as evidence in his favor against the other party of this item of costs he is entitled to recover

The suit was between the Delta Pine Land Co. and Castleberry

& Jones. Perkins was a witness for the defendants. He must look to them for pay, and has no right to appeal from a judgment re-taxing costs in the case.

*Appeal dismissed.*